JOHN C. JACKSON,

*vs.*

LOUIS WAX AND ROBERT ADAIR.

*New Castle, Feb.* 26, 1934.

*William Prickett,* for complainant.
*Robert Adair,* in *propria persona.*

THE CHANCELLOR: The defendant, Adair, is not a party to the contract which the complainant seeks to have performed. The bill shows that record title to a narrow strip of the land contracted to be sold is in Adair, but alleges the complainant to have a good title to the strip by reason of adverse possession. The demurrer raises the question of whether the complainant in a bill for specific performance of a contract for the sale of the land in which the narrow strip is included, can join as a party defendant with the vendee one who has a record title to the strip, the bill alleging that the record title has been overthrown by an open, notorious, adverse, continuous and exclusive possession in the complainant and his predecessors for over twenty years, the period of limitation within which actions for the recovery of real estate must be instituted.

This question is presented by two grounds of demurrer to the effect that there is a misjoinder of parties and that the bill is multifarious.

The record title of Adair constitutes a cloud on the title by adverse possession of the complainant. By the decided weight of authority a bill to quiet title may be brought by a complainant who claims in good faith a title by adverse possession against the holder of the record title. 51 *C. J., p.* 173, *et seq., par.* 75. The complainant, Jackson, therefore, being in possession of the strip, could if he chose file his bill against Adair alone in order to remove the cloud from his possessory title; and if he succeeded in that suit, could then call upon Wax to take the title which had been cleared of the cloud theretofore resting upon it.

The complainant has not chosen in that manner to resort to two suits. He has, by joining Adair as a defendant with Wax, sought in one suit to accomplish the same result which the two suits, if successful, would accomplish. I do not see why, in the interest of avoiding multiplicity of suits, he may not be permitted to do as he has sought to do. *Mason v. Franklin*, 1 *Y. & C. C. C.* 239, 62 *Eng. Reprint* 871; *Townsend v. Toker, L. R.* 1 *Ch. Cas.* 457; *Collett v. Hover*, 1 *Coll.* 227, 63 *Eng. Reprint* 395; *National Finance Corp. v. Robinson*, 193 *Ky.* 649, 237 *S. W.* 418, 419.

The demurrant in his argument makes some reference to the wall which the bill alleges stands in part upon the strip as a party wall. The bill, however, does not describe it as such, and it cannot, therefore, be regarded as such for the purposes of the demurrer. In *O'Daniel v. Bakers' Union*, 4 *Houst.* 488, the court recognized that adverse possession might be acquired by occupying land with a wall erected thereon.

An order will be entered overruling the demurrer.